**CLOSED**



FILED
JUN 19 2003
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ALAN FALKIEWICZ,
# 244693,

Petitioner,

v.

HENRY N. GRAYSON,
WARDEN,

Respondent,
_____/

Civil No. 02-73294-DT
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS

Scott Alan Falkiewicz ("petitioner"), Parnall Correctional Facility in Jackson, Michigan, filed this *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his sentence has been lengthened in violation of his constitutional rights. In his application, petitioner contends that his constitutional rights were violated when he was found guilty of the major prison misconduct of being out of place and "lost 90 days good time" sentence credit as a result. Petition at 1. The petition raises claims of 1) uneven enforcement of a prison rule which is often not enforced, 2) unconstitutional enforcement of a rule which is vague as applied to petitioner, 3) denial of due process through the improper denial of the right to present exculpatory evidence, and 4) denial of due process through the improper denial of access to the State's evidence. For the reasons set forth below, the petition shall be **DENIED**.

1

16

## I. Factual and Procedural Background

Petitioner was found guilty of the major misconduct of being out of place after a hearing before an administrative hearing officer. Evidence was presented that petitioner failed to return to his prison factory job after a morning "call out." A "call out" is an approved absence from work or cell for any authorized purpose such as a health care appointment or visit to the law library. Petitioner admits that he was required to report to work at 0630 hours and work until 1415 hours. Petitioner contends that past practice at the shoe factory where he worked was to allow prisoners who had call outs from work in the morning not to report back to work at and/or after 1200 hours.

Petitioner appealed his misconduct conviction to the Ingham County Circuit Court which affirmed the decision of the administrative hearing officer. *Falkiewicz v. Michigan Department of Corrections*, Case No. 99-91919-AA (Ingham County Circuit Court, December 11, 2000). The trial judge found that, on December 13, 1999, petitioner attended a health care appointment call out from 8:20 a.m. to 9:12 a.m. and then failed to return to his job as required. The trial court judge found that the hearing officer had found that petitioner had notice of the return to work rule because 1) petitioner had borrowed a rule book which states in Rule 11.2 that prisoners must return to work after call outs and 2) had been told by his supervisor that he must return to work after his call out. The judge found that the hearing officer's finding was supported by substantial evidence.

The trial judge rejected Petitioner's claim that he had inadequate notice of the return to work rule, finding that the rule stating that a prisoner must return to work after a call out provided adequate notice of Petitioner's obligation to return to work and that Petitioner also received personal, verbal notice of this obligation The trial court rejected Petitioner's claim

2

that he was denied access to exculpatory evidence in the form of other prisoner factory employee time cards, because the hearing officer's ruling that these were irrelevant to whether Petitioner failed to return to work as required was reasonable. The trial judge rejected Petitioner's claim that the rule was unconstitutionally unevenly enforced because an uneven application of rules is not unconstitutional or otherwise impermissible unless it is done on an improper basis such as race or religion or in retaliation for the exercise of First Amendment rights, which Petitioner failed to show. The trial judge rejected Petitioner's claim that he was improperly not given advance notice of the evidence against him, because there was no requirement that such advance notice be given, citing Michigan Administrative Rules R 791-252(g) and R 791.3315. Petitioner was given adequate notice of the rule he was charged with violating and the manner in which it was alleged he did so to prepare a defense.

The circuit judge also denied Petitioner's motion for reconsideration pursuant to M.C.R. 2.119(F)(3), finding that Petitioner failed to demonstrate a palpable error by which the court and the parties had been misled and failed to show that a different disposition of the motion must result from the correction of that error. *Falkiewicz v. Michigan Department of Corrections*, Case No. 99-91919-AA (Ingham County Circuit Court, January 19, 2001).

The Michigan Court of Appeals dismissed Petitioner's claim of appeal, because it was improperly filed as a claim of appeal of right under M.C.R. 7.203(A1)(a) when prisoners may challenge a prison misconduct ruling by filing an application for leave to appeal pursuant to M.C.R. 7.205 and M.C.R. 7.203(B)(5). *Falkiewicz v. Department of Corrections*, Mich. Ct. App. Docket No. 232547 (March 6, 2001). The Michigan Court of Appeals also denied Petitioner's motion for rehearing. *Falkiewicz v. Department of*

*Corrections*, Mich. Ct. App. Docket No. 232547 (April 4, 2001). The Michigan Supreme Court denied Petitioner's delayed application for leave to appeal. *Falkiewicz v. Michigan Department of Corrections*, Mich. Sup. Ct. Docket No. 119287 (October 29, 2001).

Petitioner seeks a writ of habeas corpus ordering an award of sentence credits. Respondent has filed a response to the petition, contending that the petition should be denied, because Petitioner's claims are procedurally defaulted by his failure to properly present an application for leave to appeal to the Michigan Court of Appeals and that he has not shown that failing to review his claims will result in a miscarriage of justice.

On August 13, 2002, Petitioner filed the instant petition raising the following claims for habeas relief:

    I.    Petitioner was denied due process when the agency failed to give him fair notice that his conduct would result in disciplinary action prior to disciplining him for conduct that is permitted by prison officials.

    II.    Petitioner was denied due process when he was disciplined for the conduct based on a rule that is vague when applied to his conduct.

    III.    Petitioner was denied due process when the agency denied access to requested [exculpatory] evidence.

    IV.    Petitioner was denied due process when the agency denied access to their evidence.

    V.    An injustice occurred when a *pro se* appellant was held to a higher standard for filing than what learned attorneys are held to.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA") altered the standard of review federal courts must apply when reviewing applications for a writ of habeas corpus. The AEDPA applies to all habeas

4

petitions filed after the effective date of the act, April 24, 1996. Because petitioner's application was filed after April 24, 1996, the provisions of the AEDPA, including the amended standard of review, apply to this case.

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review that a federal court must utilize when reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir.1998); *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir.1995) ("We give complete deference to state court findings unless they are clearly erroneous").

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:
In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

5

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases....
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable...
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law.... Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409-11 (emphasis in original).

With this standard in mind, the Court proceeds to the merits of the petition for a writ of habeas corpus.

## III. Discussion

### A.

Petitioner contends that the MDOC has improperly found him guilty of being out of place and improperly denied him ninety days good time sentence credits

Respondent contends that Petitioner's claims are procedurally defaulted because he failed to properly present his application for leave to appeal to the Michigan Court of Appeals and this procedural default was enforced by the Michigan Courts.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice". *Coleman v. Thompson*, 501 U.S. 722, 750-751, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). If petitioner does not show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986); *Bell v. Smith*, 114 F.Supp.2d 633, 638 (E.D.Mich.2000) (Gadola, J).

In an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-480, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence of actual innocence that was

not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Moreover, actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *See also Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir.1998).

In the present case, the Michigan Court of Appeals, and the Michigan Supreme Court (through its unexplained order denying leave to appeal) found that Petitioner's appeal was procedurally defaulted for failure to properly seek leave to appeal the Ingham County Circuit Court's order denying his claims on the merits.

When a habeas petitioner fails to obtain consideration of a claim by a state court due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review. A petitioner may avoid this procedural default bar only by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case. *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir.2000); *accord Coleman v. Thompson*, 501 U.S. at 750 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989). The Michigan courts found that Petitioner's appeal was procedurally defaulted and enforced this default by declining to file his appeal and review his claims. Consequently, this Court must determine whether the procedural rules enforced were adequate and independent state law grounds for barring Petitioner's claims.

When analyzing a procedurally defaulted claim, a federal habeas court must

consider:

(1) whether there is a procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to follow this rule; (2) whether the state courts actually enforced the state procedural rule; (3) whether the state procedural rule is an adequate and independent state ground to foreclose federal relief; and if so (4) whether the petitioner has established cause for his failure to follow the rule and prejudice by the alleged constitutional error.

White v. Schotten, 201 F.3d 743, 749 (6th Cir.2000).

Petitioner argues that the rule requiring appellants to seek leave to appeal matters which are not entitled to an appeal of right is not "adequate" because it is not consistently enforced. The United States Supreme Court has held that an independent state rule must be firmly established and regularly followed in order to be adequate. See Ford v. Georgia, 498 U.S. 411, 423-24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991); Byrd v. Collins, 209 F.3d 486, 520-21 (6th Cir.2000) (following Ford). Petitioner also contends that enforcing this rule against a pro se prisoner appellant who filed his appeal papers within the time limits for filing an application for leave to appeal is unjust. Respondent has not replied to or attempted to refute these arguments. Nor has Respondent provided this Court with any guidance as to determining whether the procedural rules in question are firmly established and regularly followed by the Michigan courts.

This Court concludes that "the procedural default issue raises more questions than the case on the merits. [This Court] will therefore assume without deciding that there was no procedural default by petitioner and decide the merits of the case." Binder v. Stegall, 198 F.3d 177, 178 (6th Cir. 1999).

**B.**

Petitioner contends that his misconduct conviction violates due process because he

9

did not receive actual notice that he was expected to return to work after his morning health care call out. As the trial judge noted in his opinion denying Petitioner relief, "[t]his claim is nonsense," because Petitioner was aware of the shoe factory rule requiring prisoners to return to work after call outs and because his supervisor personally told him that he was required to do so. *Falkiewicz v. Michigan Department of Corrections*, Ingham County Circuit Court Docket No. 99-91910-AA at 3.

An analysis of the sufficiency of the evidence does not require an examination of the entire record, an independent assessment of the credibility of the witnesses, nor a weighing of the evidence. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 449-450, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) (stating relevant question is whether the fact finder's ruling is supported by "some evidence" and that under "some evidence" standard the question is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board"). Furthermore, this court will not interfere with the discretion of prison authorities to define offenses under their internal rules and to assign offenses in particular cases. *Turney v. Scroggy*, 831 F.2d 135, 139-40 (6th Cir.1987). Sufficient evidence will support a disciplinary conviction if "some evidence" exists in the record from whence the conclusion of the hearing officer may be deduced; and the evidence need not logically preclude any conclusion but the one reached by the hearing officer.

In the present case, substantial evidence was presented that Petitioner had adequate prior notice that he was required to return to work after his morning call out. Therefore, the ruling of the hearing officer may not be overturned and the holding of the trial court rejecting this claim was a reasonable application of applicable federal

constitutional law.

Petitioner's claim that the rule was too vague to be enforceable against him lacks merit. The record shows that the rule requires a prisoner to return to work after completing his or her call out. The rule states: " Michigan State Industries (MSI) rule 11.2: Failure to return to the factory on completion of pass business shall result in a Major Misconduct (Out of Place or Bounds-036). Such violation will be grounds for termination." Petitioner complains that the rule does not state that a prisoner must return immediately after completing the call out, or must return to work at or after 1200 hours following a morning call out. These arguments are frivolous. Informing Petitioner that he was required to return to work after completing his call out (implying within a reasonable time thereafter) was sufficient to provide him with adequate notice was what was required to conform his behavior to the rule. Petitioner cannot credibly say that this rule "fails to give . . . notice of what is forbidden and what is permitted." *City of Chicago v. Morales*, 527 U.S. 41, 42; 119 S.Ct. 1849, 1852 (1999). The rule as generally stated provided constitutionally adequate notice.

Petitioner's claim that the return to work rule was unconstitutionally enforced against him because other prisoners have been allowed to fail to return to work after call outs without being disciplined also lacks merit. Even "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation so long as the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Bordenkircher v. Hayes*, 434 U.S. 357, 364; 98 S.Ct. 663, 668 (1978)(internal quotation omitted).

Prison officials can not be expected to enforcer every violation of prison rules just

11

as police can not be expected to enforce every violation of traffic rules. Every motorist who exceeds the speed limit or fails to come to a complete stop at a stop sign will not get a ticket. Some violations are more flagrant and/or dangerous than others. Some are not observed by the police. Further, some violations are overlooked or ignored by the police for no apparent reason. This does not mean that a motorist who is ticketed for committing such a violation has had his or her constitutional rights violated, unless this ticket was issued for an unconstitutional reason such as race, religion, or in retaliation for the exercise of a right protected by the First Amendment. Likewise, whether or not it is true (as Petitioner claims) that violations of the return to work rule often do not result in disciplinary charges, his prosecution on this charge did not violate his constitutional rights.

Petitioner cites *Wolfel v. Morris*, 972 F.2d 712 (6th Cir. 1992) for support. In *Wolfel* the Sixth Circuit held that a prison regulation prohibiting circulation of petitions by prisoners unless the prisoners sought approval from the warden for the formation of an "inmate group" was unconstitutionally vague as applied to prisoners who circulated petitions in connection with grievances against prison conditions, where circulation of petitions had been permitted by prison officials in the past. In affirming the district court's ruling, the Sixth Circuit noted that:

> the court ruled that punishment of the plaintiffs for circulating contraband [petitions] violated their due process rights. The petitions were deemed contraband because circulating petitions is a group-organizing activity and plaintiffs failed to get the advance approval required by prison regulations. However, the prison had a history of allowing inmates to circulate petitions. *Furthermore, the district court found that circulation of petitions was not an inherently illegal or wrongful activity and the inmates, therefore, had no reason to believe their action was prohibited.*

*Id.* at 715 (emphasis added).

12

*Wolfel* is readily distinguishable form the present case. Unlike the circulation of petitions in connection with prison grievances—which is a protected First Amendment activity which may be reasonably regulated, but not prohibited—failing to return to work after a call out without an acceptable excuse is an inherently wrongful activity which may be prohibited. Unlike the prisoners in *Wolfel*, Petitioner had every reason to believe that his action was prohibited.

Consequently, this Court concludes that Petitioner's claim that the return to work rule was improperly enforced against him lacks merit.

Petitioner's evidentiary claims also lack merit. Prisoners do not have an absolute, unfettered right to present evidence at misconduct hearings. The hearing officer's ruling that the time cards of other prisoner factory employees were irrelevant to the charge that Petitioner violated the out of place rule by failing to return to work after his morning call out is a reasonable ruling that did not deprive Petitioner of a defense to the charge. Petitioner's claim that his rights were violated by failure of prison officials to inform him in advance of the MSI rule book and the testimony of two staff persons who would testify against him lacks merit.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court required that inmates facing disciplinary charges for misconduct be accorded advance notice of the charges, the right to call witnesses and present evidence, an impartial tribunal, and a written statement of reasons relied on by the tribunal for making its decision and imposing sanctions, if any were imposed. *Id.* at 563-72. In addition, the use of confidential information has been restricted in *Wolff*-type disciplinary hearings. *See Ponte*

13

v. *Real*, 471 U.S. 491, 499-500 (1985); *Hensley v. Wilson*, 850 F.2d 269, 276-83 (6th Cir.1988). Petitioner was given advance notice of the charges against him. There is not due process requirement that he be given advance notice of the evidence which may be offered to support the charges. Petitioner has not alleged that confidential informants were improperly used against him. On the contrary, it appears that witnesses testified against him and he had an opportunity to challenge their evidence. Petitioner's constitutional rights were not violated by any failure to inform him in advance of the evidence which the prison administration would offer to support the out of place charge.

## IV. Conclusion

This Court concludes that the Ingham County Circuit Court's ruling denying Petitioner's challenge to his major misconduct conviction is a reasonable application of applicable federal constitutional law and the Michigan appellate courts' rulings leaving that decision in place are reasonable results under the AEDPA. Further, this Court concludes that Petitioner is not entitled to habeas corpus relief under any of the claims set forth in the present petition.

Accordingly, **IT IS ORDERED** that Petitioner's request for habeas corpus relief is **DENIED** and the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.

HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

DATED: 19 JUN 2003